UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CYNTHIA MOON, as Personal Representative of the Estate of Charles Edward Moon,<br><br>Plaintiff,<br><br>v.<br><br>WEBBER OIL COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 7-126-B-W<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION**

Defendants Webber Oil Company, Webber Group of Companies, and Webber Energy Fuels-Portland d/b/a Chase & Kimball have moved to "dismiss" certain remedies sought by the substituted Plaintiff, Cynthia Moon, the personal representative of the Estate of Charles Moon, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The complaint filed by the now deceased aggrieved party, Plaintiff Charles Moon, alleges in Count I that the defendants violated the Americans With Disabilities Act (ADA) and in Count II that the defendants violated the Maine Human Rights Act (MHRA). Both counts are premised on Charles Moon's allegations that he was discriminated against by the defendants because he had an actual disability, a record of a disability, or was regarded as having a disability. As originally drawn, the complaint requests, among other relief, punitive damages and compensatory damages to include front pay and/or reinstatement. Given Mr. Moon's death, the plea for reinstatement is obviously by the boards. With the pending motion the defendants contend that Mr. Moon's death also forecloses any award of front pay or punitive damages. (Mot. to Dismiss at 2-5, Doc.

No. 12.) I recommend that the court deny the motion as to both remedies for the reasons set forth below.

A.   **An award of front pay depends on the nature of the evidence**

The plaintiff relies upon Kulling v. Grinders for Industry, Inc., 185 F. Supp. 2d 800 (E.D. Mich. 2002), in support of an award of front pay despite Mr. Moon's death.  In Kulling, the court denied a post-trial motion seeking to set aside a front pay award to the extent it compensated for any period beyond the former employee's suicide.  The court denied the motion based on its finding that front pay was not cut off by the former employee's suicide where there was evidence introduced to the jury that could support a finding that the decedent's discharge was a proximate cause of his suicide.  Id. at 808.  Thus, according to the plaintiff, the possibility of front pay turns upon the evidentiary question of whether she can "show that Defendants' discriminatory actions were a proximate cause of the death." (Opposition Mem. at 4, Doc. No. 16.)

The defendants do not dispute that there is authority for the proposition that front pay can be awarded posthumously.  However, they note that at the time the motion for substitution was made by the personal representative there was no motion to amend the complaint and the complaint as presently drafted contains no facts upon which a finding could be made that Charles Moon's death was proximately cause by the defendants' alleged discriminatory actions.  In an unobjected-to surreply, Moon's personal representative responds that she has met the Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002), notice pleading standard in paragraph 47 of the complaint, which specifically alleges that the defendants' discrimination was the proximate cause of lost wages, because evidence that the discrimination was the proximate cause of Mr. Moon's death would be consistent with these allegations.[1]  (Surreply at 2, Doc. No. 20.)

---

1   None of plaintiff's pleadings suggests any factual scenario that would provide a solid basis for this theory, although the disability claimed in the complaint is high blood pressure.  One can see how it might be plausible that

At this juncture, the issue is best left to proof of causation at the summary judgment and/or trial stage of the proceedings.

**B.      There is no need to decide the state law punitive damages question at this juncture and the plaintiff concedes that the federal claim for punitive damages does not survive Mr. Moon's death.**

Moon's personal representative concedes that under federal law a claim for punitive damages does not survive Charles Moon's death and such damages cannot be awarded under the ADA.  (Opposition Mem. at 2.)  The availability of punitive damages under the MHRA, however, is a complex question.  The defendants cite Maine Human Rights Commission v. City of Auburn, 408 A.2d 1253 (Me. 1978), and its progeny for the proposition that federal common law trumps Maine's survival statute on the issue of whether punitive damages survive the death of a plaintiff in a MHRA action.  City of Auburn and subsequent Maine Law Court cases have merely concluded that the state courts will look to federal precedent in situations where the federal statutory law and state statutory law are analogous.  Id. at 1261.  Neither City of Auburn nor any other state or federal case holds that federal common law should be relied on in lieu of an applicable state statute merely because a state law claim is being heard in federal court under diversity or supplemental jurisdiction.

In order to test the validity of this proposition one need look no further than Whitney v. Wal-Mart Stores, Inc., 2006 ME 37, 895 A.2d 309, where the Law Court, in answering a certified question from this court, rejected my recommended decision applying federal precedent to what I found to be somewhat ambiguous statutory language in the MHRA definition of

---

there could be some evidence that discriminatory pressures contributed to the death.  The parties do not discuss whether, and to what extent, the Bell Atlantic Corp. v. Twombly, 127 S.Ct. 199, 1964-65 (2007) standard (requiring that there be a plausible, non-speculative basis for liability apparent from a reading of the complaint) would impact the Swierkiewicz notice pleading standard in the employment discrimination context.  Given the complexity of that issue, I do not believe the court need *sua sponte* attempt that analysis on this record.  The defendants have clear notice of the nature of the claim and the causation element should therefore be left to proof.

"physical or mental disability" found at 5 M.R.S.A. § 4553(7-A).  In this case, where Maine has a specific statute addressing the survivability of punitive damages actions, the question can only be resolved by reference to that statute.

> The Maine Survivor Statute states:
>
> No personal action or cause of action is lost by the death of either party, but the same survives for and against the personal representative of the deceased, except that actions or causes of action for recovery of penalties or forfeitures of money under penal statutes do not survive the death of the *defendant*.

18-A M.R.S.A. Sec. 3-817(a) (emphasis added).  The statute is clear that the MHRA action in this case is not lost.  The only limitation in this statute is for penalties or forfeitures of money under "penal statutes" upon the death of the *defendant*.  The statute has no explicit limitation upon any damages in the event of the death of the plaintiff.

Under federal precedents cited by the defendants punitive damages are deemed "plainly penal" in nature and therefore cannot survive the death of the plaintiff.  See Allred v. Solaray, Inc., 971 F. Supp. 1394, 1396 (D. Utah 1997) (claims for punitive damages under the ADA do not survive the plaintiff's death);  Carabello v. S. Stevedoring, Inc., 932 F. Supp. 1462, 1466 (S.D. Fl. 1996) (finding that punitive damages are penal in nature and do not survive death of plaintiff); Estate of Maakestad v. Mayo Clinic Ariz., No. CV-04-2183-PHX-DGC, 2006 U.S. Dist. LEXIS 55452, *4, 2006 WL 2307417, *2 (D. Ariz. Aug. 9, 2006) (applying same conclusion to find punitive damages claim under Title VII was penal in nature and therefore did not survive the plaintiff's death); Hanson v. Atlantic Research Corp., No. 4:02CV301 SMR, 2003 U.S. Dist. LEXIS 2285, *12-13, 2003 WL 430484, * 4 (E.D. Ark. Feb. 14, 2003) (finding that ADA and ADEA claims for punitive damages are penal in nature and do not survive the death of a plaintiff).

In my view, whether or not the Maine Law Court would find an implicit termination in the right to punitive damages under the MHRA based upon the federal precedent coupled with the language of the Maine Survivor Statute is an open question. One might be able to make a very convincing argument that employment discrimination cases should be viewed uniquely under the Maine Survivor Statute and the federal precedent should apply. At this point in the proceeding, I can see no reason why this court need definitively tackle the issue. After a factual record has been developed, if there is sufficient evidence to submit the question to a factfinder for determination, and if the factfinder makes a punitive damages award, the issue can be reasserted by the defendants in a motion for judgment n.o.v., a motion for certification to the Law Court, or on appeal. Given the current phase of the litigation, I recommend that the motion to dismiss be denied because it appears to me that the Maine statute would allow a punitive damages claim to survive the plaintiff's death.

## Conclusion

Based upon the foregoing, I RECOMMEND the motion to dismiss certain remedies be GRANTED, IN PART, to the limited extent that the parties agree that the claim for punitive damages under the ADA does not survive the plaintiff's death. In all other respects, I RECOMMEND that the motion be DENIED.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

6

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 10, 2008